# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:10-cv-152-TS ) |
| LOIS C. COOPER and ASSOCIATED FERTILITY & GYNECOLOGY, P.C. individually and as fiduciaries to the Associated Fertility & Gynecology P.C. 401(k) Profit Sharing Plan, and ASSOCIATED FERTILITY & GYNECOLOGY, P.C. 401(k) PROFIT SHARING PLAN, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Default Judgment Against Defendants Lois C. Cooper and Associated Fertility & Gynecology, P.C. [ECF No. 9], filed by Plaintiff Hilda Solis, Secretary of Labor, United States Department of Labor, on January 19, 2011.

On May 14, 2010, the Plaintiff filed a Complaint alleging that Defendants Lois C. Cooper and Associated Fertility & Gynecology, P.C. (the Defendants) had breached provisions of the Employee Retirement Income Security Act (ERISA) when they failed to ensure that withheld employee contributions ($7,142.22) and employee voluntary salary contributions ($35,080.95) were remitted to the Profit Sharing Plan. The Plaintiff also alleged that these Defendants failed to administer the Plan after Associated ceased business operations, and that participants and beneficiaries of the Plan have not been able to obtain their individual account balances or distributions from the Plan. In her prayer for relief, the Plaintiff sought to permanently enjoin the Defendants from violating the provisions of Title I of ERISA and from serving as fiduciaries to

any ERISA-covered employee benefit plan, remove the Defendants from any positions that they have as fiduciaries to the Plan, appoint an independent fiduciary and order the Defendants to pay the fees of the independent fiduciary to administer and terminate the Plan, order the Defendant to correct the prohibited transaction in which they engaged, order the Defendants to restore to the Plan any losses, including lost opportunity costs, resulting from their fiduciary breaches, and award costs to the Plaintiff. The Plaintiff named the Associated Fertility & Gynecology, P.C. 401(k) Profit Sharing Plan as a Defendant solely to assure that complete relief could be granted under Federal Rule of Civil Procedure 19(a).

The Defendant waived execution of service, but failed to file an answer or otherwise defend the action. On December 9, the Clerk of this Court entered Default [ECF No. 8] against Defendants Cooper and Associated. The Defendants have not appeared in this matter. In support of her Motion for Default Judgment, the Plaintiff has filed the Declaration of the investigator for the Employee Benefits Security Administration ("EBSA") [ECF No. 9-1].

Once the clerk has entered the default of a party based upon that party's failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek, and a court to enter, a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Even

when default judgment is warranted, allegations in the complaint regarding the amount of damages are not taken to be true. *Id.*; *Dundee Cement Co.*, 722 F.2d at 1323. Instead, courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *e360 Insight*, 500 F.3d at 602; *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323; *see also* Fed. R. Civ. P. 55(b) (requiring that the plaintiff show by affidavit the sum certain amount or amount that can be made certain by computation).

Although the truth of the allegations regarding liability that are contained in the Plaintiff's Complaint have been admitted by the entry of default, the Declaration is not sufficient to show the amount of damages. The EBSA investigator's Declaration is not subscribed as being true under penalty of perjury. (*See* Declaration, ECF No. 9-1) ("I, Aneila B. Janachowski, declare as follows:"). Although a formal affidavit is not required, a written unsworn declaration must be subscribed in proper form as true under the penalties of perjury to be a proper substitute for an affidavit. *See* 28 U.S.C. § 1746. In addition, even if the Declaration was in the proper form, the investigator's statements pertaining to the amount of "lost opportunity costs" caused by the Defendants' failure to remit contributions are conclusions that lack any explanation, such as the interest rate that forms the basis of the computation.

The Plaintiff's request for injunctive relief is problematic as well. The Plaintiff does not make any attempt to show that injunctive relief is appropriate under the circumstances of this case. Although such relief may ultimately be justified, establishing liability by default does not automatically resolve what particular remedy is appropriate. *e360 Insight*, 500 F.3d at 604. For

example, to obtain a permanent injunction, the Plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). The principle that a hearing may still be required to establish what type or relief is necessary "applies with equal if not greater force in the context of equitable relief, for which the law imposes a requirement that the party seeking the injunction demonstrate the inadequacy of legal relief." *Id.* The Court cannot determine, based on the record now before it, that it would be proper to grant the equitable relief, which includes a permanent injunction, the Plaintiff requests.[1]

Based on the foregoing, the Court DENIES WITHOUT PREJUDICE the Plaintiff's Motion for Default Judgment [ECF No. 9]. The Plaintiff is granted leave to refile its motion with the proper supporting documents and argument. Upon filing of this motion, the Court will enter

---

[1] ERISA contemplates equitable relief, including the removal of a fiduciary:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109. Removal is appropriate even for honest but imprudent conduct. *See Brock v. Robbins*, 830 F.2d 740, 647–48 (7th Cir. 1987). Where the fiduciary participates in egregious self-dealing or other serious misconduct, a permanent injunction may be deemed appropriate remedial relief. *Beck v. Levering*, 947 F.2d 639, 641 (2d Cir. 1991); *Reich v. Lancaster*, 55 F.3d 1034, 1054 (5th Cir. 1995). The Plaintiff has not discussed this provision, or any other, of ERISA or advanced any argument with respect to the equitable relief that would be appropriate in this case.

judgment in favor of the Plaintiff for any damage amounts that are certain and will schedule a hearing for any damages that cannot be readily ascertained by documentary evidence or detailed affidavits or declarations.

SO ORDERED on January 25, 2011.

                                                  s/ Theresa L. Springmann
                                                 THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT
                                                 FORT WAYNE DIVISION