UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:10-cv-152-TS ) |
| LOIS C. COOPER and ASSOCIATED FERTILITY & GYNECOLOGY, P.C. individually and as fiduciaries to the Associated Fertility & Gynecology P.C. 401(k) Profit Sharing Plan, and ASSOCIATED FERTILITY & GYNECOLOGY, P.C.  401(k) PROFIT SHARING PLAN, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Refiled Motion for Default Judgment Against Defendants Lois C. Cooper and Associated Fertility & Gynecology, P.C. [ECF No. 11], filed by Plaintiff Hilda Solis, Secretary of Labor, United States Department of Labor, on January 31, 2011.

On May 14, 2010, the Plaintiff filed a Complaint alleging that Defendants Lois C. Cooper and Associated Fertility & Gynecology, P.C. (the Defendants) had breached provisions of the Employee Retirement Income Security Act (ERISA) when they failed to ensure that withheld employee contributions ($7,142.22) were remitted to the Profit Sharing Plan (the Plan) and failed to ensure that employee voluntary salary contributions ($35,080.95) were timely remitted to the Profit Sharing Plan. The Plaintiff also alleged that these Defendants failed to administer the Plan after Associated ceased business operations, and that participants and beneficiaries of the Plan have not been able to obtain their individual account balances or distributions from the Plan. In

her prayer for relief, the Plaintiff sought to permanently enjoin the Defendants from violating the provisions of Title I of ERISA and from serving as fiduciaries to any ERISA-covered employee benefit plan, remove the Defendants from any positions that they have as fiduciaries to the Plan, appoint an independent fiduciary and order the Defendants to pay the fees of the independent fiduciary to administer and terminate the Plan, order the Defendant to correct the prohibited transaction in which they engaged, order the Defendants to restore to the Plan any losses, including lost opportunity costs, resulting from their fiduciary breaches, and award costs to the Plaintiff. The Plaintiff named the Associated Fertility & Gynecology, P.C. 401(k) Profit Sharing Plan as a Defendant solely to assure that complete relief could be granted under Federal Rule of Civil Procedure 19(a).

The Defendant waived execution of service, but failed to file an answer or otherwise defend the action. On December 9, the Clerk of this Court entered Default [ECF No. 8] against Defendants Cooper and Associated. The Defendants have not appeared in this matter. In support of her Motion for Default Judgment, the Plaintiff has filed the Declaration of the investigator for the Employee Benefits Security Administration ("EBSA") [ECF No. 11-1].

Once the clerk has entered the default of a party based upon that party's failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek, and a court to enter, a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also e360 Insight v. The Spamhaus*

*Project*, 500 F.3d 594, 602 (7th Cir. 2007). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Even when default judgment is warranted, allegations in the complaint regarding the amount of damages are not taken to be true. *Id.*; *Dundee Cement Co.*, 722 F.2d at 1323. Instead, courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *e360 Insight*, 500 F.3d at 602; *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323; *see also* Fed. R. Civ. P. 55(b) (requiring that the plaintiff show by affidavit the sum certain amount or amount that can be made certain by computation).

> ERISA sets forth the damages that are available for breaches of fiduciary duties:
>
> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109.

The EBSA investigator, Aniela B. Janachowski, has, according to her Declaration, reviewed company payroll and Plan records to calculate the Plan's losses, including lost opportunity costs. These calculations are set forth in detail on excel spreadsheets that are attached to Janachowski's Declaration as Exhibits A1, A2, A3, and A4. In consideration of these submissions, the Court finds that the Defendants owe the Plan $10,521.35, which is the amount of losses the Plan suffered as a result of the Defendants' fiduciary breaches.

Under ERISA, removal of a fiduciary is appropriate even for honest but imprudent conduct. *See Brock v. Robbins*, 830 F.2d 740, 647–48 (7th Cir. 1987). Where the fiduciary participates in egregious self-dealing or other serious misconduct, a permanent injunction may be deemed appropriate remedial relief. *Beck v. Levering*, 947 F.2d 639, 641 (2d Cir. 1991); *Reich v. Lancaster*, 55 F.3d 1034, 1054 (5th Cir. 1995). Here, the allegations are that the Defendant, for a period of over three years, did not deposit money that was earmarked by employees for contribution to the company's 401(k) plan. After the Defendant ceased doing business, the Defendants continued to fail to administer the Plan, preventing employees from obtaining distributions from the Plan or their individual account balances.

Based on the foregoing, the Court GRANTS the Plaintiff's Refiled Motion for Default Judgment [ECF No. 11]. The Defendants, Lois C. Cooper and Associated Fertility & Gynecology, P.C., are permanently enjoined from violating the provisions of Title I of ERISA and from serving as fiduciaries to any ERISA-covered employee benefit plan, are removed from any positions that they have as fiduciaries to the Plan, and are ordered to correct the prohibited transaction in which they engaged and to restore to the Plan losses in the amount of $10,521.35, which includes lost opportunity costs, resulting from their fiduciary breaches. The Plaintiffs are awarded costs. Because the Associated Fertility & Gynecology, P.C. 401(k) Profit Sharing Plan was named as a Defendant solely to assure that complete relief could be granted under Federal Rule of Civil Procedure 19(a), this matter has been fully resolved as to all parties.

SO ORDERED on February 4, 2011.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT